UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOLTZMAN VOGEL JOSEFIAK PLLC<br>45 N. Hill Drive, Suite 100<br>Warrenton, VA 20186<br><br>          Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue NW<br>Washington, DC 20224,<br><br>          Defendant. | Civil Case No. 13-1292 |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Holtzman Vogel Josefiak PLLC ("Plaintiff") brings this action for declaratory and injunctive relief, and complains as follows:

### INTRODUCTION

1. Plaintiff seeks disclosure of records regarding training materials regarding political activity compliance audits for 501(c) organizations that were improperly withheld by Defendant Internal Revenue Service ("IRS").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this Court under 28 U.S.C. § 1391(e) because Defendant is an entity of the United States Government that resides in this District.

### PARTIES

4. Plaintiff Holtzman Vogel Josefiak PLLC is Virginia Limited Liability Company, residing in Fauquier County in the Commonwealth of Virginia.

5. Defendant IRS is the agency of the United States government charged with enforcement of the federal income tax laws and is headquartered in Washington, D.C.

**STATEMENT OF FACTS**

6. The IRS's Exemption Organizations Division is responsible for ensuring compliance with federal income tax laws related to organizations exempt from income tax under the Internal Revenue Code, including conducting examinations and audits to ensure that tax exempt organizations operate as required by the Internal Revenue Code and do not engage in prohibited activities. This includes the authority to review organizations' political activity to ensure compliance with the Internal Revenue Code, applicable regulations, and IRS standards and guidance.

7. Plaintiff is a private law firm that represents tax exempt organizations and therefore is interested in issues related to tax exempt organizations. Plaintiff, through its partner Jason Torchinsky, sought to review training materials related to political activity compliance examinations and audits to examine the IRS's internal processes and to allow Plaintiff to serve its clients more effectively and advise them on proper operations within the standards established by the IRS.

8. Plaintiff, through its partner Jason Torchinsky, sent a Freedom of Information Act ("FOIA") request dated June 4, 2013, to the IRS requesting, for the period March 1, 2012, to May 31, 2013:

> any and all records, as that term is defined under FOIA (5 U.S.C. § 552(f)(2)), and applicable case law (see, e.g., Forsham v. Harris, 455 U.S. 169, 193 (1980)), existing in any format whatsoever, including, but not limited to, written correspondence, email correspondence, records of telephone correspondence, records pertaining to in-person

meetings, calendar or scheduling entries, videotapes, photographs, computer print-outs, telephone messages, or voice mail messages, regarding:

> a. Any training materials regarding political activity compliance audits for 501(c) organizations prepared by or provided by Vincent A. Fusco, an Exempt Organizations employee located at 5990 W Creek Road, Independence, OH 44131-2190 and provided to any auditor, revenue agent or other IRS personnel for the purpose of training;
> b. Any material provided by any other Department of Treasury or Internal Revenue Service personnel to Mr. Fusco for the purpose of facilitating his conduct of any such political activity compliance training.
> c. Any training materials provided by any other Exempt Organizations employee to other Exempt Organization employees for the purposes of training with respect to political activity audits of 501(c) organizations.

9. IRS received this request on June 6, 2013, and assigned it case number F13158-0084.

10. IRS replied by letter dated June 26, 2013, indicating that it was unable to send the requested records by July 5, 2013, which was the twenty business day period allowed by law. The letter indicated the IRS was claiming the additional ten-day period allowed by the FOIA law, which resulted in a response deadline of July 19, 2013.  The letter further requested an extension of time to August 16, 2013, to allow time to locate and consider release of the requested records.

11. IRS replied again by letter dated August 14, 2013, indicating that it would need additional time to search for, collect, and review responsive records.  The letter stated, "I will contact you by September 27, 2013, if I am still unable to complete your request."

12. Both the statutory deadline and the permissible extension of time to respond have expired.  More than two months have passed since Plaintiff filed its request, and no records have been produced.

13. Plaintiff has exhausted its administrative remedies.

14. Plaintiff has a statutory right of access to the records it seeks, and there is no legal basis for IRS to withhold those documents.

3

15. Plaintiff has no remedy at law and will suffer irreparable injury absent relief from this Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following relief:

1. A declaratory judgment that the IRS's failure to disclose the records requested by Plaintiff is unlawful under the FOIA;

2. A preliminary and permanent injunction enjoining Defendant IRS from withholding the requested records from Plaintiff;

3. Costs and reasonable attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

4. Any other relief that the Court deems just and appropriate.

Dated: August 27, 2013.

Respectfully submitted,

By:   /s/Jason Torchinsky

Jason Torchinsky (D.C. Bar No. 976033)
jtorchinsky@hvjlaw.com
HOLTZMAN VOGEL JOSEFIAK PLLC
45 North Hill Drive, Suite 100
Warrenton, VA 20186
Phone: 540-341-8808
Fax: 540-341-8809

*Counsel to Holtzman Vogel Josefiak PLLC*

VERIFICATION OF PLAINTIFF HOLTZMAN VOGEL JOSEFIAK PLLC

I, Jason Torchinsky, declare as follows:

1. I am a partner in the law firm of Holtzman Vogel Josefiak PLLC, a Virginia Limited Liability Company.

2. I have personal knowledge of the facts set out in this Complaint, and if called upon to testify, I would testify competently as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint concerning the FOIA request submitted by to Defendant IRS are true and correct.

Executed this 27th day of August, 2013.

/s/Jason Torchinsky
Jason Torchinsky

Case 1:13-cv-01292   Document 1   Filed 08/27/13   Page 6 of 6

## CERTIFICATE OF SERVICE

      I hereby certify that on August 27, 2013, copies of the foregoing Verified Complaint for Declaratory and Injunctive Relief were served by certified mail on the following parties:

Internal Revenue Service
1111 Constitution Avenue NW
Washington, DC 20224

And

Attorney General Eric H. Holder, Jr.
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

And

Ronald C. Machen, Jr.
U.S. Attorney for the District of Columbia
United States Attorney's Office
555 4th Street NW
Washington, DC 20530

/s/ Jason Torchinsky
JASON TORCHINSKY

6